THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER ASKING FOR AN OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 IS THE OKLAHOMA INDIGENT DEFENSE SYSTEM AUTHORIZED BY 22 O.S. 1356 (1992), TO PERFECT APPEALS ON BEHALF OF INDIGENTS IN JUVENILE, GUARDIANSHIP, OR MENTAL HEALTH CASES?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW, THIS OFFICE HAS DECIDED TO RESPOND TO YOUR REQUEST THROUGH THIS INFORMAL LETTER. THE FOLLOWING DISCUSSION IS NOT, THEREFORE, AN OFFICIAL OPINION OF THE ATTORNEY GENERAL BUT RATHER MY ANALYSIS AND CONCLUSIONS WHICH HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE ISSUE YOU HAVE RAISED.
THE ANSWER TO YOUR QUESTION TURNS ON AN ANALYSIS OF THE PERTINENT PROVISIONS OF THE INDIGENT DEFENSE ACT ("ACT"), FOUND IN 22 O.S. 1355 — 22 O.S. 1368. THE ACT OUTLINES THE AUTHORITY FOR THE OKLAHOMA INDIGENT DEFENSE SYSTEM ("SYSTEM") TO PROVIDE COUNSEL IN CASES TO DEFENDANTS WHO ARE INDIGENT AND UNABLE TO EMPLOY COUNSEL. 22 O.S. 1355(B) (1992).
SPECIFICALLY, THE ACT CHARGES THE SYSTEM WITH THE RESPONSIBILITY OF DEFENDING ALL INDIGENTS AT THE TRIAL LEVEL IN:
 "ALL FELONY, MISDEMEANOR, TRAFFIC CASES PUNISHABLE BY-INCARCERATION, AND ALL CONTEMPT PROCEEDINGS PUNISHABLE BY INCARCERATION; PROVIDED HOWEVER, IN ANY CASE IN WHICH THE TRIAL COURT STIPULATES THAT UPON CONVICTION OR FINDING OF CONTEMPT OF COURT THE DEFENDANT SHALL NOT BE SUBJECT TO INCARCERATION, THE DEFENDANT SHALL NOT BE ENTITLED TO REPRESENTATION PURSUANT TO THE INDIGENT DEFENSE ACT."
22 O.S. 1355.6(A). IN CERTAIN INSTANCES, THE SYSTEM IS ALSO RESPONSIBLE FOR DEFENDING ALL INDIGENTS WITH NO REQUIREMENT AS TO THE POTENTIAL FOR THEIR INCARCERATION:
 "IN ADDITION, THE SYSTEM SHALL HAVE THE RESPONSIBILITY OF DEFENDING ALL INDIGENTS, AS DETERMINED IN ACCORDANCE WITH THE PROVISIONS OF THE INDIGENT DEFENSE ACT, IN JUVENILE, GUARDIANSHIP, AND MENTAL HEALTH CASES."
IN ADDITION TO DEFENDING INDIGENTS AT TRIAL, THE SYSTEM CAN, AND IN SOME INSTANCES MUST, PERFECT APPEALS ON BEHALF OF INDIGENTS, BUT THIS AUTHORITY IS LIMITED BY THE ACT:
 "THE SYSTEM SHALL BE APPOINTED TO PERFECT APPEALS AND TO PROVIDE REPRESENTATION IN POSTCONVICTION CASES IN ACCORD WITH POSTCONVICTION POLICY, TO THE EXTENT PROVIDED IN THE INDIGENT DEFENSE ACT."
22 O.S. 1355.6(C) (EMPHASIS ADDED). IN ACCORDANCE WITH THIS HIGHLIGHTED LANGUAGE, THE ACT SPECIFIES THE CIRCUMSTANCES UNDER WHICH THE SYSTEM IS AUTHORIZED TO PERFECT APPEALS ON BEHALF OF INDIGENTS IN JUVENILE, GUARDIANSHIP, AND MENTAL HEALTH CASES.
FIRST, IN ACCORDANCE WITH THE LANGUAGE OF 22 O.S. 1356(B), THE SYSTEM:
 "SHALL PERFECT ALL APPEALS FOR INDIGENT DEFENDANTS FROM COUNTIES SUBJECT TO THE PROVISIONS OF 19 O.S. 138.1 OF TITLE 19 OF THE OKLAHOMA STATUTES WHO WERE NOT REPRESENTED AT TRIAL BY COUNTY PUBLIC DEFENDERS." 22 O.S. 1356(B) (EMPHASIS ADDED).
SECOND, THE SYSTEM:
 "MAY REPRESENT THE CLIENTS FOR WHOM THE SYSTEM HAS BEEN APPOINTED IN OTHER PROCEEDINGS, IF SUCH REPRESENTATION IS RELATED TO THE CASE FOR WHICH THE ORIGINAL APPOINTMENT WAS MADE AND IF NOT OTHERWISE PROHIBITED BY THE INDIGENT DEFENSE ACT. THE PROVISIONS OF THIS SUBSECTION SHALL NOT AUTHORIZE ATTORNEYS FOR THE SYSTEM TO REPRESENT CLIENTS . . . IN ANY PROCEEDING UNLESS PRIOR APPROVAL IS GRANTED BY THE (OKLAHOMA INDIGENT DEFENSE SYSTEM) BOARD." 22 O.S. 1356(C).
CONSTRUING THESE TWO SUBSECTIONS WILL YIELD AN ANSWER TO THE QUESTION OF WHETHER THE SYSTEM IS AUTHORIZED TO PERFECT OR FUND APPEALS ON BEHALF OF INDIGENTS IN JUVENILE, GUARDIANSHIP, OR MENTAL HEALTH CASES. THE FUNDAMENTAL RULE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN AND, IF POSSIBLE, GIVE EFFECT TO THE INTENTION AND PURPOSE OF THE LEGISLATURE AS EXPRESSED IN THE STATUTE. HUGHES DRILLING CO. V. MORGAN, 648 P.2D 32 (OKLA.1982). LEGISLATIVE INTENT CAN BE ASCERTAINED THROUGH AN EXAMINATION OF THE STATUTE'S LANGUAGE AS A WHOLE IN LIGHT OF ITS GENERAL PURPOSE. OKLAHOMA JOURNAL PUBLISHING CO. V. CITY OF OKLAHOMA CITY, 620 P.2D 452 (OKLA.APP.1979).
SECTION 22 O.S. 1356(B) REFERS TO 19 O.S. 138.1, A SECTION OF LAW THAT IN EFFECT ESTABLISHES THE COUNTY PUBLIC DEFENDER OFFICES FOR TULSA AND OKLAHOMA COUNTY AND ANY OTHER COUNTY WITH A POPULATION EXCEEDING TWO HUNDRED THOUSAND (200,000). 19 O.S. 138.1. THE COUNTY PUBLIC DEFENDERS IN THESE COUNTIES ARE "CHARGED UPON THE ORDER OF ANY JUDGE OF A COURT OF RECORD OF SUCH COUNTY, WITH THE PROTECTION OF THE RIGHTS OF ANY DEFENDANT TO A CRIMINAL ACTION." 19 O.S. 138.1(A) (EMPHASIS ADDED). ALTHOUGH 138.1 WAS DECLARED UNCONSTITUTIONAL IN ITS APPLICATION IN STATE V. LYNCH, 796 P.2D 1150, 1159 (OKLA. 1990), IT REMAINS VIABLE BECAUSE THE MODIFICATIONS IN THE WAY THE SYSTEM PROVIDES REPRESENTATION TO INDIGENT DEFENDANTS IN COUNTIES BESIDES OKLAHOMA AND TULSA COUNTY HAVE ADDRESSED THE CONSTITUTIONAL INFIRMITIES IN ITS APPLICATION. 22 O.S. 1356(B), IF THE INDIGENT DEFENDANT WAS NOT REPRESENTED BY A COUNTY PUBLIC DEFENDER AT TRIAL, THEN THE SYSTEM MUST PERFECT HIS APPEAL. BY ITS LANGUAGE, 22 O.S. 1356(B) IS TIED TO 138.1, WHICH SPECIFICALLY APPLIES TO A DEFENDANT TO A CRIMINAL ACTION. 22 O.S. 1356(B); 19 O.S. 138.1. THEREFORE, TO THE EXTENT THAT THE INDIGENT IS A DEFENDANT AND TO THE EXTENT THAT THE ACTION IS A CRIMINAL ACTION UNDER 138.1, THE SYSTEM MUST PERFECT HIS APPEAL. 22 O.S. 1356(B).
UNDER 22 O.S. 1356(C), THE SYSTEM MAY REPRESENT INDIGENTS IN JUVENILE, GUARDIANSHIP, OR MENTAL HEALTH APPEALS IF THE REPRESENTATION IS RELATED TO THE CASE FOR WHICH THE SYSTEM WAS ORIGINALLY APPOINTED AND IF NOT OTHERWISE PROHIBITED BY THE ACT 22 O.S. 1356(C). IN ADDITION, PRIOR APPROVAL MUST BE GRANTED BY THE OKLAHOMA INDIGENT DEFENSE SYSTEM BOARD ("BOARD"), BEFORE SUCH APPEALS MAY BE PERFECTED OR FUNDED ON BEHALF OF INDIGENT DEFENDANTS. ID. READING 1356(C) IN LIGHT OF THE GENERAL PURPOSE OF THE ACT AND IN THE CONTEXT OF 1356 AS A WHOLE, REPRESENTATION UNDER THIS SECTION INCLUDES PERFECTING OR FUNDING AN APPEAL TO THE OKLAHOMA SUPREME COURT OR ANY OTHER COURT THAT HAS APPELLATE JURISDICTION IN JUVENILE, GUARDIANSHIP, OR MENTAL HEALTH CASES ON BEHALF OF INDIGENTS, IF THE SYSTEM REPRESENTED THE INDIGENTS IN THE CASES BELOW AND SUCH AN APPEAL HAS BEEN APPROVED BY THE BOARD PRIOR TO UNDERTAKING THE REPRESENTATION.
ACCORDING TO YOUR LETTER, THE SYSTEM HAS RECEIVED SEVERAL REQUESTS TO APPEAL TERMINATIONS OF PARENTAL RIGHTS ON BEHALF OF INDIGENT PARENTS WHOSE PARENTAL RIGHTS HAVE BEEN TERMINATED IN JUVENILE CASES. UNDER 22 O.S. 1356(C), THE SYSTEM COULD NOT PERFECT APPEALS FOR THESE PARENTS UNLESS IT REPRESENTED THE PARENTS AT THE TRIAL COURT LEVEL AND THE BOARD GAVE PRIOR APPROVAL TO THE APPEAL.
EVEN IF THE SYSTEM DID REPRESENT THE PARENTS AT THE TRIAL LEVEL, THE SYSTEM WOULD STILL HAVE THE DISCRETION TO PERFECT OR FUND THEIR APPEAL BECAUSE THE "SYSTEM MAY REPRESENT THE CLIENTS FOR WHOM THE SYSTEM HAS BEEN APPOINTED IN OTHER PROCEEDINGS." 22 O.S. 1356(C) (EMPHASIS ADDED). THE WORD "MAY" IN A STATUTE GENERALLY MEANS PERMISSION, COMPETENCY, OR ABILITY, AND DOES NOT DENOTE A MANDATE. SNEED V. SNEED, 585 P.2D 1363 (OKLA.1978). THE SYSTEM IS NOT, THEREFORE, REQUIRED TO REPRESENT INDIGENTS ON APPEAL IN JUVENILE, GUARDIANSHIP, OR MENTAL HEALTH CASES BY FUNDING THE APPEAL OR OTHERWISE IN ACCORDANCE WITH THE LANGUAGE OF 1356(C).
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT:
 "UNDER 22 O.S. 1356(C), THE SYSTEM IS AUTHORIZED BUT NOT REQUIRED TO REPRESENT INDIGENTS IN JUVENILE, GUARDIANSHIP, OR MENTAL HEALTH APPEALS IF THE REPRESENTATION ON APPEAL IS RELATED TO THE CASE FOR WHICH THE SYSTEM WAS ORIGINALLY APPOINTED, IF SUCH REPRESENTATION IS NOT OTHERWISE PROHIBITED BY THE ACT, AND IF APPROVAL FOR THE APPEAL IS GRANTED BY THE OKLAHOMA INDIGENT DEFENSE BOARD PRIOR TO THE REPRESENTATION BEING UNDERTAKEN BY THE SYSTEM. READING 22 O.S. 1356(C) IN LIGHT OF THE GENERAL PURPOSE OF THE ACT AND IN THE CONTEXT OF 1356 AS A WHOLE, REPRESENTATION UNDER THIS SECTION INCLUDES PERFECTING APPEALS OR FUNDING APPEALS ON BEHALF OF INDIGENTS TO OKLAHOMA SUPREME COURT OF INDIGENTS TO GUARDIANSHIP, OR MENTAL HEALTH CASES.
(BRETT ROBINSON)